UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| James E. Pietrangelo, II, | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:09-CV-68-cr |
| | : | |
| Alvas Corporation, d/b/a Pine | : | |
| Street Deli, George Alvanos, | : | |
| Christine Alvanos, Evan Alvanos, | : | |
| John Doe, City of Burlington, Emmet | : | |
| Helrich, Wade Labrecque, | : | |
| William Sorrell, | : | |
| | : | |
| Defendants. | : | |

OPINION AND ORDER RE:
PLAINTIFF'S MOTION TO RECONSIDER AND TO STRIKE

This matter came before the court on February 5, 2010 for a hearing on Plaintiff James E. Pietrangelo, II's Motion to Reconsider and to Strike; Objection (the "Motion to Reconsider") (Doc. 101). Mr. Pietrangelo appeared *pro se*. Defendants Alvas Corporation, d/b/a/ Pine Street Deli, George Alvanos, Christine Alvanos, and Evan Alvanos (the "Alvanos Defendants") are represented by Robin Cooley, Esq. Defendants, City of Burlington, Emmet Helrich, and Wade Labrecque (the "City Defendants"), are represented by Gregory Weimer, Esq. Defendant William Sorrell, in his official capacity as Vermont's Attorney General ("Defendant Sorrell"), is represented by Vermont Assistant Attorney General David R. Groff. The Defendants oppose Mr. Pietrangelo's

request for reconsideration.

In his motion, Mr. Pietrangelo asks the court to reconsider its Opinion and Order dated October 7, 2009 wherein the court denied Mr. Pietrangelo's request for remand and ruled on all other pending motions (Doc. 95) (Murtha, J.). Mr. Pietrangelo asserts that, as a matter of law, the court's denial of remand was in error. Mr. Pietrangelo further asserts that the court erred in granting summary judgment. In the event the court concludes that the denial of remand was in error, Mr. Pietrangelo asks the court to strike its award of costs to him as he contends that his motion for costs was filed in federal court without his consent. The Defendants do not oppose Mr. Pietrangelo's request to strike the award of costs.

I. Procedural Background.

This case arises out of Mr. Pietrangelo's protests regarding the Alvanos Defendants' alleged unsanitary handling of a hot dog Mr. Pietrangelo purchased at the Pine Street Deli in Burlington, Vermont. As the incident is described at length in the court's Opinion and Order (Doc. 95), the court addresses the facts only insofar as they pertain to the pending motion for reconsideration.

On July 31, 2008, Mr. Pietrangelo filed a nineteen-count Complaint against the Defendants in Chittenden Superior Court. In his Complaint, he sought a preliminary injunction and a temporary restraining order. On August 21, 2008, Defendant Sorrell accepted service of the Complaint. On August 26, 2008, a state court hearing was held on

Mr. Pietrangelo's request for temporary and preliminary injunctive relief. The docket entries for the state court hearing reveal the following ruling: "Court listens to counsel & declines to issue any order. Reasons on the record."

On September 17, 2008, the Alvanos Defendants filed Answers in state court. On December 19, 2008, they filed a motion for summary judgment.

On October 14, 2008, the City Defendants who had not been formally served, filed a motion to dismiss in state court. On January 22, 2009, Mr. Pietrangelo filed a motion for summary judgment in state court.

On January 22, 2009, Defendant Sorrell sought dismissal of the Complaint pursuant to V.R.Civ.P. 12(b)(6) for failure to state a claim. The state court denied the motion in an Entry Order that stated as follows: "Under liberal 'notice pleading' standard, and <u>Colby v. Umbrella, Inc.</u>, <u>a/k/a Haystack</u>, there may well be a viable claim that unilateral criminalization of trespass solely at the property owner's request and if arbitrarily applied with arguably resulting 'stigm[a],' states an 'as applied' due process violation." (Doc. 32).

On February 24 and 25, 2009, Mr. Pietrangelo effected service of process on the City Defendants. On March 16, 2009, the City Defendants filed a Notice of Removal wherein they stated that: "Defendants counsel spoke to attorneys who represent the Alvas Defendants and the Attorney General, understands all Defendants consent to removal, and anticipates that all remaining Defendants will formally notify the Court of their consent to

3

removal." (Doc. 1, ¶ 8). The Alvanos Defendants notified the clerk's office of their consent. Defendant Sorrell sent a written letter confirmation of his consent.

On March 26, 2009, the U.S. District Court's clerk's office notified the Alvanos Defendants and Defendant Sorrell that it had deemed the form of their consents in error. It directed them to comply with Local Rule 5.1(h). On April 1 and 3, 2009, these defendants filed consents in conformity with Local Rule 5.1(h).

On April 3, 2009, Mr. Pietrangelo moved to remand this case to state court. (Doc. 73). His asserted grounds for remand were that the notice of removal and the consents thereto were untimely, Defendant Sorrell did not consent to removal, and the notice of removal was not filed with all the existing state court papers.

On April 6, 2009, the City Defendants moved to dismiss Mr. Pietrangelo's Complaint. Mr. Pietrangelo did not file an opposition to the motion to dismiss, seek a stay of the proceedings until his motion to remand was decided, or otherwise notify the court that his lack of opposition was attributable to his belief that any response would constitute a waiver of his right to remand.

On May 1, 2009, the City Defendants moved for summary judgment. Again, Mr. Pietrangelo did not file an opposition to the motion for summary judgment, seek a stay of the proceedings, or notify the court of the reason for his lack of response.

On May 4, 2009, the City Defendants filed their Opposition to Plaintiff's Motion for Summary Judgment which had been pending in state court at the time of removal.

(Docs. 89, 91).

On October 7, 2009, the court issued a 46-page Opinion and Order. It denied Mr. Pietrangelo's request for remand, finding that both the removal and the consents thereto were timely. The court granted the City Defendants' motion for summary judgment, denied Mr. Pietrangelo's motion for summary judgment, and granted in part and denied in part the Alvanos Defendants' motion for summary judgment. Mr. Pietrangelo filed his motion to reconsider within ten days of the court's Opinion and Order.

II. Conclusions of Law.

A. Standard of Review.

At the court's hearing in this matter, Mr. Pietrangelo advised that he seeks reconsideration pursuant to Fed.R.Civ. P. 59(e).[1] "District courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (internal citations omitted).

---

[1] Mr. Pietrangelo orally represented to the court that he sought relief pursuant to this rule. In his reply to the City Defendants' Opposition to Plaintiff's Motion to Reconsider (Doc. 115 at 8), he disputes this characterization but does not cite an alternative rule pursuant to which he is seeking reconsideration.

5

In seeking reconsideration, Mr. Pietrangelo makes four arguments. First, he contends that the court was required to order remand because substantive proceedings had occurred in state court which foreclosed any right to removal.

Second, he asserts that the Alvanos Defendants and Defendant Sorrell's consents to removal were untimely.

Third, he argues that he was wrongfully deprived of an opportunity to respond to the pending motion for summary judgment filed by the City Defendants. He asserts that the court should have first decided his motion to remand and only then turned to other pending motions. He claims that had he filed any response to the City Defendants' motion for summary judgment, he would have waived his right to remand.

Finally, he contends that in granting summary judgment, the court failed to adequately consider disputed material facts and ignored critical evidence.

      B.    <u>Whether the Denial of Remand was in Error</u>.

Without citation to authority, Mr. Pietrangelo asserts that "the caselaw has unanimously held" that defendants' substantive filings in state court waive the defendants' rights of removal. (Doc. 101 at 5). This substantially overstates the applicable law. Although there is some authority for the proposition that removal is inappropriate when there has been an adjudication of the merits in state court and prejudicial delay in seeking removal, this is not an accurate description of the state court proceedings in this case. *Cf. Manas y Pineiro v. Chase Manhattan Bank, N.A.*, 443 F.

Supp. 418, 420 (S.D.N.Y. 1978) (defendants who sought removal after two years of litigation in state court including litigation of their motion for judgment on the pleadings and an adverse decision thereon waived their right to seek removal).

The City Defendants did not seek an adjudication on the merits in state court. Their motion to dismiss merely alerted both the state court and Mr. Pietrangelo that they had not been served and the deadline for service had expired, mandating dismissal. (Doc. 23). Defendant Sorrell and the Alvanos Defendants' conduct in state court cannot be attributed to the City Defendants. The last-served defendant rule would have no import if the alleged "substantive filings" of other defendants negated the City Defendants' rights to seek removal. Contrary to Mr. Pietrangelo's contentions, the rule neither undermines the authority of the state courts nor invites gamesmanship on the part of the litigants. *See Russell v. LJA Trucking, Inc.,* 2001 U.S. Dist. LEXIS 6249 (E.D.N.Y. May 11, 2001) (concluding that last-served defendant rule does not unfairly permit co-defendants to test state court waters as "Plaintiffs themselves can avoid such unfairness by promptly serving all defendants.").

Mr. Pietrangelo next challenges the court's denial of remand on the grounds that the Defendants' consents to removal were untimely filed. He faults the court for failing to require Defendants to establish "good cause" or "excusable neglect" as a condition precedent to excusing their alleged untimeliness. (Doc. 101 at 8). It is undisputed that the court was made aware, in writing, of all defendants' consent to removal within the 30-

day period through the Notice of Removal. Thereafter, the clerk's office rejected further written consents on the grounds that they did not comply with Local Rule 5.1(h)**.** Arguably, at least insofar as it pertained to the consents filed by the Alvanos Defendants, this determination was in error. Pursuant to Local Rule 5.1(g), the rule "does not apply to papers filed in removal actions prior to transmission of the record to this court."[2] In any event, the *form* of consent is not dispositive:

> Removal is permissible only if all defendants named in the state action "join" in the petition for removal. Furthermore, all defendants must join the petition within the thirty day time limit mandated by 28 U.S.C. § 1446(b).
>
> This rule does not require that every defendant actually sign the same petition. Non-petitioning defendants may simply consent to the removal of the action, thereby satisfying the substantive requirement that the defendants be unanimous in their choice of a federal forum. However, the cases indicate that such unanimity must be expressed to the court within the thirty day period, whether by petition, written consent or oral consent.

*Clyde v. National Data Corp.*, 609 F. Supp. 216, 218 (N.D. Ga. 1985) (internal citations omitted); *Riccardi v. Kone, Inc.*, 215 F.R.D. 455, 458 (E.D.N.Y. 2003) ("The rule of unanimity requires that all named defendants file with [the] court some form of unambiguous written evidence of consent to removal."). Here, the court was well within its discretion in concluding that the rule of unanimity had been satisfied when all

---

[2] In a post-hearing memorandum (Doc. 130), Mr. Pietrangelo argues that the City Defendants should be precluded from asserting that the clerk's office erred in its interpretation of the Local Rules because the City Defendants did not raise this argument prior to the hearing. When interpreting a Local Rule, the court is not confined to only those provisions of the rule cited by the parties. *A fortiari*, a party may orally request the court, at hearing, to consider a provision of a rule not previously discussed in the parties' briefs.

Defendants consented to removal within the 30-day period, regardless of the form of those consents. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988) ("[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires."). Consequently, the Defendants were not required to establish "good cause" or "excusable neglect" for their alleged failure to comply with the Local Rules.

Mr. Pietrangelo further asserts the court committed "clear error" in failing to consider *Whitaker v. American Telecasting, Inc.*, 261 F.3rd 196 (2d Cir. 2001) in deciding the request for remand. He cites *Whitaker* for the proposition that "a form of delivery of the complaint identical to that initially used by [him] that was short of actual sheriff service" could start the 30-day removal clock. (Doc. 101 at 6). *Whitaker* does not alter the methods of effecting service of process in Vermont. It merely provides that a complaint is not the only "initial pleading" contemplated by 28 U.S.C. § 1446(b). *Id.* at 198. Moreover, *Whitaker* follows the Supreme Court's decision in *Murphy Brothers v. Minchetti Pipe Stringing,* 526 U.S. 344, 356 (1999) that "the commencement of the removal period could only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading." *Whitaker,* 261 F.3d at 2020 (citing *Murphy Bros.*, 526 U.S. at 349-56). It is beyond dispute that the City Defendants were not "formally served" under

9

Vermont law until February 24 and 25, 2009. Accordingly, it is irrelevant whether Mr. Pietrangelo attempted another form of service that was similar to the "initial pleading" discussed in *Whitaker*. The court did not err in its failure to discuss the *Whitaker* case.

For the reasons stated above, the court finds no grounds for altering or amending the court's denial of Mr. Pietrangelo's request for remand.

    C.    <u>Whether Mr. Pietrangelo was Wrongfully Deprived of the Right to Respond to a Motion for Summary Judgment</u>.

In his motion for reconsideration and in his accompanying sworn declaration, Mr. Pietrangelo asserts that the only reason he did not oppose the City Defendants' motion for summary judgment or perform any discovery was because to do so would have waived his right to remand. (Doc. 101 at 2-3). In support of this proposition, he cites <u>Moore's Federal Practice</u> which states:

> A plaintiff may not voluntarily invoke and then disavow by way of remand motion federal jurisdiction following removal. Stated differently, a plaintiff may not take affirmative action in federal court after removal without risking waiving the right to remand, even when the 30-day period has not expired. Thus, for example, a plaintiff waives a claim of improper removal by stipulation to be bound by a decision in a consolidated action in federal court. Further, when a plaintiff voluntarily amends the complaint in federal court, the plaintiff ordinarily waives the right to remand.

J. Moore, <u>Moore's Federal Practice</u>, Jurisdiction § 107.41 [2][g] (3rd ed. 2009) (footnotes omitted). <u>Moore's</u>, however, further recognizes that waiver may not be found where the plaintiff timely seeks remand and preserves his or her jurisdictional claim. "A plaintiff's diligent objection to removal jurisdiction may render the waiver doctrine inapplicable.

Stated differently, a timely objection to removal can preserve the jurisdictional claim, despite amendment of the complaint, even when other considerations ultimately outweigh that objection." *Id.* Mr. Pietrangelo seeks to discount this provision by emphasizing that a diligent objection to removal jurisdiction only *may* render the waiver doctrine inapplicable. The majority of courts, however, limit waiver to circumstances where the party seeking remand "affirmatively sought the federal court's intervention." *Midwestern Distribution, Inc. v. Paris Motor Freight Lines, Inc.*, 563 F. Supp. 489, 493 (E.D. Ark. 1983). In other words,

> [i]f the non-removing party has taken significant action in the federal court, such as amending the complaint to assert new legal theories, requesting injunctive relief, filing a motion for summary judgment, or invoking the aid of the court to engage in extensive discovery, then it can be forcefully argued that it has essentially acquiesced to a disposition of the case by the federal court. In such instances the right to seek remand appears less defensible, particularly where no other factors militate in favor of remand.

*Id.* at n.8; *see also Fisher v. Exico Co.*, 13 F.R.D. 195, 196 (E.D.N.Y. 1952) (plaintiff who waits 18 months to file a motion to remand and, in the interim, takes depositions, files jury trial demand, compels answers to interrogatories, and serves requests for admissions, waives right to request remand). In determining waiver, the courts examine whether the "[p]laintiff's conduct in the federal forum can only be classified as 'affirmative'— and an 'unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand.'" *Courville v. Texaco, Inc.*, 741 F. Supp. 108, 111 (E.D. La. 1990) (quoting *Godman v. Sears, Roebuck & Co.*, 588 F. Supp. 121,

124 (E.D. Mich. 1984)).

"In contrast, merely engaging in offensive or defensive litigation (such as limited discovery) especially when the plaintiff has already filed a motion for remand, does not forfeit the right to a remand." *LaPoint v. Mid-Atlantic Settlement Servs.*, 256 F. Supp. 2d 1, 3 (D. D.C. 2003) (citations omitted); *see also Feller v. National Enquirer*, 555 F. Supp. 1114, 1120-21 (N.D. Ohio 1982) (remand despite plaintiff's filing motion to quash deposition subpoena which was granted, and filing response to motion for summary judgment); *American Oil Co. v. Egan*, 357 F. Supp. 610, 612, 614 (D. Minn. 1973) (remand despite discovery); *Resident Advisory Bd. v. Tate*, 329 F. Supp. 427, 431-32 (E.D. Pa. 1971) (remand despite filing of numerous motions); *Oil Tank Cleaning Corp. v. Reinauer Transp. Co.*, 149 F. Supp. 401, 402 (E.D.N.Y. 1957) (remand despite plaintiff's discovery); *Maybruck v. Haim*, 290 F. Supp. 721, 724 (S.D.N.Y. 1968) (remand despite proceedings in federal court where there was no "affirmative action intended to use this Court's jurisdiction for adjudication of a substantial right.").

Mr. Pietrangelo cites no authority, and the court has found none, which requires or even permits a party that has requested remand to refrain from all action in federal court. Thus, contrary to his claim, complete silence is not the mechanism for preserving an objection to removal. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996) (a plaintiff "by timely moving for remand, did all that was required to preserve his objection to removal."). As a result, Mr. Pietrangelo was not "forced to choose between his Motion to

12

Remand and an opposition to summary judgment." (Doc. 101 at 2). As the court explained in *Feller v. National Enquirer*, *supra*, in addressing whether an opposition to summary judgment could be deemed consent to federal court jurisdiction:

> Although plaintiff may have "elected" to file his brief, his action can hardly be deemed "unequivocal assent" to the jurisdiction of this court. Plaintiff's second motion to remand had been pending some time prior to the filing of the responsive brief. At no time did plaintiff indicate he was withdrawing his motion to remand. Indeed, in the same statement in which he notified the Court of his intention to respond to the motion for summary judgment, he indicated that he was still awaiting disposition of the motion to remand. Given that the motion to remand was still outstanding at the time the responsive brief was filed, it cannot fairly be said that plaintiff's action is affirmative conduct of "the sort which would render it offensive to fundamental principles of fairness to remand."
>
> Moreover, the act of filing a responsive brief cannot be equated with unsuccessfully litigating a substantial issue or filing an amended complaint seeking further or different relief, both of which were cited by Judge Mansfield in *Maybruck v. Haim*, *supra*, as examples of conduct constituting waiver or consent. It must be remembered that the brief was filed in response to a matter initiated by defendant; plaintiff has not *initiated* any litigation in the federal court. *Cf. Kramer v. Jarvis*, 81 F. Supp. 360, 361 (D. Neb. 1948) (plaintiff's filing of wholly unnecessary and unauthorized reply to defendant's answer did not constitute waiver of defendant's complete failure to follow prescribed steps for removal).

*Feller*, 555 F. Supp. at 1121 (emphasis in the original).

Mr. Pietrangelo's silence in the face of the City Defendants' motions to dismiss and for summary judgment was self-imposed. Short of mind-reading, the court had no way of knowing that Mr. Pietrangelo's failure to file an opposition signaled his mistaken belief that any action on his part would waive his right to remand.

Even assuming Mr. Pietrangelo's silence in the face of a pending motion could be

13

excused, his own motion for summary judgment and motion for an award of costs remained pending before the federal court. *See Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) (once a case is removed to federal court, it "takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court."). "[I]nstead of seeking to withdraw or stay his prior motion until the remand motion could be decided," *Koehnene v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996), Mr. Pietrangelo did nothing to apprise the court that he was not seeking a ruling on either of his pending motions until his request for remand was decided.[3] When the City Defendants filed oppositions to his motion for summary judgment and request for an award of costs, Mr. Pietrangelo was on notice that his motions were ripe for adjudication by the federal court. He cannot now be heard to claim that the court violated his due process rights by adjudicating motions pending before it.

D.  Whether the Court Failed to Consider Material Disputed Facts and Critical Evidence.

In its determination of the pending summary judgment motions and motions to dismiss, the court addressed each of Mr. Pietrangelo's claims at length in accordance with the proper standards of review. He nonetheless contends that two factual disputes precluded summary judgment. First, whether Defendant Labrecque overheard a comment by one of the Alvanos Defendants that Mr. Pietrangelo "best be leaving." And second,

---

[3] Neither the Federal Rules of Civil Procedure nor the applicable case law require the court to decide a motion to remand prior to deciding other pending motions.

whether the police response to his 911 call was delayed. Assuming the accuracy of Mr. Pietrangelo's version of these alleged facts, he has failed to establish that they are material to the outcome of this case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not preclude the proper entry of summary judgment[.]").

The court's Opinion and Order noted that regardless of whether he heard it himself or it was relayed to him by Mr. Pietrangelo, Defendant Labrecque was made aware of the "best you leave" comment and the alleged assault on Mr. Pietrangelo before he departed from the scene. (Doc. 95 at 3-7, 20-21). The court further noted that Mr. Pietrangelo asserted that the police response to his 911 call was unreasonably delayed. (Doc. 95 at 4). Although the court did not specifically address the statement contained in Mr. Pietrangelo's affidavit that "Lieutenant Helrich completely dismissed my complaint, told me in effect that the attack was what I got for picketing, and that Lieutenant Helrich would not protect me from angry opponents to my picketing" (Doc. 95 at 7), the court's decision extends to this allegation as well. The court found that a private citizen has no general right to police protection. (Doc. 95 at 21). The exception to this rule is where an officer "affirmatively created or enhanced the danger of private violence." (Doc. 101 at 21 (citations omitted). The court found that Mr. Pietrangelo did not establish a "state-created danger" even when the facts were viewed in the light most favorable to him. *Id.* at 23. The alleged "critical evidence" that was omitted does not alter this conclusion. In

seeking reconsideration of the court's summary judgment decision, Mr. Pietrangelo fails to cite either evidence or law that the court overlooked and that would alter the conclusion reached by the court. Accordingly, reconsideration must be denied. *Shrader*, 70 F.3d at 257.

For the foregoing reasons, Plaintiff's Motion for Reconsideration is hereby DENIED. In light of this decision, Plaintiff's Motion to Strike Award of Costs is deemed WITHDRAWN.

SO ORDERED.

Dated at Burlington, Vermont this 10th day of March, 2010.

/s/ Christina Reiss
Hon. Christina Reiss
United States District Judge