U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2010 APR 23 AM 11: 17

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James E. Pietrangelo, II,
    Plaintiff,

v.                              Civil Action No. 5:09-CV-68

Alvas Corporation, George
Alvanos, Christine
Alvanos, Evan Alvanos,
John Doe, City of
Burlington, Emmet Helrich,
Wade Labrecque, William
Sorrell,
    Defendants.

### OPINION AND ORDER RE: PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS
### (Doc. 125)

This case arises out of Plaintiff James Pietrangelo's July 25, 2008 purchase of a hot dog at the Pine Street Deli in Burlington, Vermont. Mr. Pietrangelo asserts that Defendants Alvas Corporation, George Alvanos, Christine Alvanos, and Evan Alvanos (collectively "Alvas Defendants") failed to handle the hot dog in a sanitary manner, and that the remaining Defendants unlawfully interfered with his protests. The court has previously addressed Mr. Pietrangelo's claims in an Opinion and Order issued by Judge Murtha on October 7, 2009. (Doc. 95.)

Currently before the court is Mr. Pietrangelo's motion to compel discovery responses and for sanctions against the Alvas Defendants. The motion pertains to both interrogatories and document production.

A.    Interrogatory No. 2

The first item in dispute is the Alvas Corporation's response to Interrogatory Number 2, in which Mr. Pietrangelo asks the Corporation for a narrative description of

the events surrounding the incident at the Pine Street Deli. The Alvas Corporation responded by referencing narratives provided by George Alvanos, Christine Alvanos, and Evan Alvanos in their respective answers to the Plaintiff's interrogatories. Mr. Pietrangelo claims that such cross-referencing is improper, and that the referenced responses omit "indisputable corporation knowledge." *Id.* at 2.

Cross-referencing responses is a legitimate means of answering an interrogatory, so long as the referenced responses provide the required information. *See, e.g., Tota v. Franzen*, 2007 WL 2693441, at *8 (W.D.N.Y. Sept. 10, 2007). Here, the interrogatory asked what the "Alvas Corp. knows – including what any of its officers, employees, servants, and/or agents heard, saw, and did – in regards to what happened on July 25, 2008 . . . ." The Alvas Corporation was a witness to the events of July 25, 2008 only to the extent that its officers or agents were witnesses. *See* Fed.R.Civ.P. 33(b)(1)(A) (interrogatories served on corporation must be answered by officer or agent). The statements of those officers and/or agents were provided, and the court finds that cross-referencing to those statements was an adequate means of responding to Interrogatory Number 2. Mr. Pietrangelo's motion to compel a response to Interrogatory Number 2 is therefore DENIED

B.     Interrogatory No. 4

The next issue involves communications between the Alvas Defendants and their insurance adjuster. Interrogatory Number 4 asks for the substance of all communications regarding the events in question. The Alvas Defendants have asserted an attorney-client privilege with respect to conversations with their adjuster. Mr. Pietrangelo argues that "strictly factual admissions" to an insurer are not privileged, and that the substance of such communications must be disclosed.

"Federal courts have never recognized an insured-insurer privilege as such." *Linde Thomson Kohn & Van Dyke, P.C. v. Resolution Trust Co.*, 5 F.3d 1508, 1514 (D.C. Cir. 1993). A party may claim, however, that a conversation is privileged to the extent that it

disclosed "facts required to show potential liability of the insured." *American Special Risk Ins. Co. v. Greyhound Dial Corp.*, 1995 WL 442151, at *2 (S.D.N.Y. July 26, 1995); *see also Calabro v. Stone*, 225 F.R.D. 96, 98 (E.D.N.Y. 2004) (noting that communication with insurer is privileged if it meets requirements for attorney-client privilege); *Aiena v. Olsen*, 194 F.R.D. 134, 136 (S.D.N.Y. 2000) (finding that statements are privileged when they are ultimately intended for use by the attorney hired by the insurer to defend the insured).

Mr. Pietrangelo does not challenge the Alvas Defendants' ability to show that their communications were of a privileged nature. Rather, he contends that as a matter of law, factual admissions are not protected. The case law cited above states that, in certain contexts, communications between the insured and insurer may be protected even if they contain factual admissions.

In general, however, when the communications in question are simply between an insured and an insurer, they are not privileged and must be produced. To the extent they contain attorney-client communications, the Alvas Defendants properly withheld them from production. In any event, as discussed in Section G below, Mr. Pietrangelo is entitled to a privilege log for any privileged communications responsive to this interrogatory, and to production of any non-privileged responsive information and documents. *See* Fed.R.Civ.P. 26(b)(5)(A). Mr. Pietrangelo's motion to compel a response to Interrogatory 4 is thus GRANTED in part and DENIED in part.

    C.    Interrogatory No. 5

Mr. Pietrangelo has asked the individual Alvas Defendants to produce the names and home addresses of each of their male friends and acquaintances as of July 25, 2008. The objection is that this request is overly broad and unduly burdensome. The Alvas Defendants explain that, "[a]s owners of a popular local delicatessen, the Alvas Defendants know literally hundreds of males. They know many of them by appearance alone and many others by nickname and/or first name." (Doc. 127 at 8.)

This objection is legitimate. The purpose of the interrogatory is to identify "John Doe," a male who allegedly accosted Mr. Pietrangelo while Pietrangelo was picketing in front of the Pine Street Deli. (Doc. 125 at 4.) Having the Alvas Defendants list all of their male friends and acquaintances is not a reasonable means of accomplishing this goal.

One piece of evidence in the case is Mr. Pietrangelo's videotape of at least some of the relevant events on July 25, 2008. The court has ordered him to provide the defendants with a copy of the videotape, and the tape may reveal John Doe's physical characteristics. If the Alvas Defendants know John Doe, and John Doe is shown on the videotape, they must identify him for Mr. Pietrangelo, thereby alleviating the need for the production of a complete list of their male friends and acquaintances.

Mr. Pietrangelo's motion to compel a response to Interrogatory 5 is hereby DENIED, however, the Alvas Defendants must supplement their response to this interrogatory if they are able to identify John Doe on the videotape.

D.   Interrogatory No. 6

In Interrogatory Number 6, Mr. Pietrangelo seeks the "legal name, home address, and home telephone number [of] each and every person working at Pine Street Deli on July 25, 2008." The Alvas Defendants have provided the names of all employees working on the afternoon of July 25, 2008, and have objected to providing their home addresses, providing instead their contact information at their work address.

The court sees no need for additional disclosures. If Mr. Pietrangelo seeks to contact these employees, counsel may be able to facilitate such contact or, if they are represented by counsel, direct Mr. Pietrangelo accordingly. Distribution of employee home addresses and telephone numbers will not be compelled at this time. *See, e.g., Fondo v. Memorial Hosp. for Cancer and Allied Diseases*, 1988 WL 18930, at *2 (S.D.N.Y. Feb. 25, 1988) (declining to compel production of board member addresses without "specific showing of need for such information"); *see generally In re Subpoena*

*Issued to Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) ("the federal rules give district courts broad discretion to manage the manner in which discovery proceeds"); *cf.* Fed.R.Civ.P. 26(c) (court may, for good cause shown, issue a protective order protecting a party or person from annoyance, embarrassment, oppression, or undue burden or expense).

Mr. Pietrangelo's motion to compel a response to Interrogatory Number 6 is hereby DENIED.

### E. Interrogatory Nos. 9 and 10

Interrogatory Number 9 to the Alvas Corporation seeks information about "every asset of Alvas Corp.," and Interrogatory Number 10 asks the same about "every debt or liability of Alvas Corp." Mr. Pietrangelo states in his filings that this information is sought in order to determine the corporation's ability to pay punitive damages. The Alvas Defendants argue that questions regarding punitive damages are premature.

The court agrees that Mr. Pietrangelo is entitled to certain financial information in anticipation of a punitive damages award, however, there is no need for the Alvas Defendants to produce such information until liability has been established. *See generally Vasbinder v. Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991) ("Punitive damages are to be tailored to the defendant's ability to pay, and normally that class of evidence is not admitted or desirable during the liability and compensatory damages phase of the case."); *see also Connors v. Pinkerton's, Inc.*, 1999 WL 66107, at *2 (D. Conn. Feb. 4, 1999) (declining to compel discovery related to punitive damages until case is trial ready). Mr. Pietrangelo's motion to compel a response to Interrogatories 8 and 9 is therefore DENIED without prejudice.

### F. Requests For Production

Mr. Pietrangelo's motion also asks the court to compel certain responses to his requests for production of documents. Some of the issues raised in this portion of his motion repeat the arguments set forth with respect to the interrogatories. For example,

the motion asks for documentation of communications with the Alvas Defendants' insurer. As discussed above, such documents may be privileged, and while the defendants are required to provide a privilege log, there is no exception to the attorney-client privilege for "strictly factual" materials. Also, for reasons stated previously, Mr. Pietrangelo's request for Alvas Corp.'s financial documentation is premature.

Mr. Pietrangelo contests the Alvas Defendants' claim that they have no documents relating to "any and all facts, allegations, claims, and/or defenses" in the Complaint or any Answer. If a party certifies under oath that it has no responsive documents, courts generally accept such certification at face value. *See, e.g., Beach v. JD Lumber, Inc.*, 2009 WL 3060208, at *5 (D. Idaho Sept. 22, 2009); *Bujnicki v. American Paving and Excavating, Inc.*, 2004 WL 1071736, at *5 (W.D.N.Y. Feb. 25, 2004) ("The Court accepts defendants' representation that there are no documents responsive to this demand and trusts that the defendants will supplement their response should they discover any responsive documents."). If any such documents do exist, and are not privileged or otherwise protected, they must be produced.

As an example of a missing document, Mr. Pietrangelo cites the receipt for his hot dog purchase. In response, the Alvas Defendants note that Mr. Pietrangelo himself claims to have taken a receipt himself, that the receipt has not been produced, and that without it they "are not able to identify the register copy of Plaintiff's alleged cash purchase of a single hot dog purchased eighteen months ago." Mr. Pietrangelo counters that the Complaint states the date and approximate time of his purchase, and that this information should be sufficient for the Alvas Defendants to identify his receipt.

It is not clear to the court that an approximate date and time of purchase is sufficient information for the Alvas Defendants to identify the register copy. Therefore, it is hereby ORDERED that, to the extent Mr. Pietrangelo is in possession of either the original or a copy of his receipt, he must produce a copy as a condition precedent to any obligation by the Alvas Defendants to produce the register copy. *See, e.g., Roberts v.*

*Americable Intern. Inc.*, 883 F. Supp. 499, 504-05 (E.D. Cal. 1995) (requiring that tapes involving deponent be produced prior to deposition, and citing "authority of the court to control the sequence of discovery to promote fair and just litigation practices").

G. Privilege Log

Mr. Pietrangelo notes that in the course of asserting the attorney-client privilege, the Alvas Defendants have not produced a privilege log as required under Fed.R.Civ.P. 26(b)(5)(A). The Alvas Defendants respond that the creation of such a log would be burdensome. The Rule, however, states that a party asserting the privilege "must" describe the items being withheld. Fed.R.Civ.P. 26(b)(5)(A); *see also United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996) (describing contents of privilege log). Accordingly, the court hereby GRANTS Mr. Pietrangelo's motion to compel production of a privilege log.

H.   Sanctions

Mr. Pietrangelo has moved for sanctions based upon the Alvas Defendants' alleged discovery violations. In light of its rulings above, the court finds that sanctions are not warranted. *See* Fed.R.Civ.P. 37(c) (court "may" impose sanctions for failure to provide discovery); *Hull v. Waterbury Petroleum Prod. Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (holding that imposition of sanctions under Rule 37 is within discretion of district court); *see also Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002) ("under its inherent power to manage its own affairs," and where the "breach of a discovery obligation is the non-production of evidence, a district court has broad discretion [to deny or grant a request for sanctions]").

The majority of Mr. Pietrangelo's requests to compel were not granted. Those requests that were granted did not reveal any bad faith or willful non-compliance with discovery obligations. Furthermore, to the extent that Mr. Pietrangelo is seeking attorney's fees, as a *pro se* litigant he is not entitled to such fees. *See Kay v. Ehrler*, 499 U.S. 432, 437 (1991). The fact that he is an attorney does not alter this conclusion. *Id.*;

7

*cf. Pietrangelo v. U.S. Army*, 568 F.3d 341, 343-45 (2d Cir. 2009) (holding that fee-shifting provision in FOIA statute does not apply to *pro se* attorney). Finally, Mr. Pietrangelo argues that a *pro se* party may be awarded compensation for his time when the defendant is guilty of "vexatious misconduct," but there is no evidence of such misconduct in this case. The motion for sanctions is therefore DENIED.

SO ORDERED.

Dated at Burlington, District of Vermont, this 23rd day of April, 2010.

Hon. Christina Reiss
United States District Judge